**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1122**

---

ANA CECILIA MARROQUIN-ZANAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent,

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: November 28, 2023                    Decided: April 18, 2024

---

Before NIEMEYER, GREGORY, and HEYTENS, Circuit Judges.

---

Petition dismissed by unpublished per curiam opinion.

---

**ON BRIEF:** Jay S. Marks, Nicole Littell Diop, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Timothy G. Hayes, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anna Cecilia Marroquin-Zanas, a native and citizen of El Salvador, first entered the United States without permission on June 13, 2009. She was apprehended and the Department of Homeland Security ("DHS") entered an order of removal against her the same day. On June 25, 2009, she was removed from the country pursuant to the June 13 removal order. On October 29, 2016, over six years later, she reentered the United States again without permission and was apprehended. That same day, DHS reinstated the June 13 removal order against her. She did not contest the reinstatement.

At some point, Marroquin-Zanas expressed a fear of returning to El Salvador. On November 15, 2016, as required by federal regulations, a DHS asylum officer conducted an interview with Marroquin-Zanas to determine whether she held a reasonable fear of persecution or torture in her home country. *See* 8 C.F.R. § 208.31; *id*. § 208.31(a)–(c). After the interview, the asylum officer determined that Marroquin-Zanas did not hold a reasonable fear of persecution or torture in El Salvador. Marroquin-Zanas requested review of the asylum officer's determination before an immigration judge ("IJ"). On November 22, 2016, the IJ vacated the asylum officer's determination and placed Marroquin-Zanas in withholding-only proceedings to determine whether she was eligible for withholding of removal.

On April 9, 2019, Marroquin-Zanas testified in support of her withholding applications at a hearing before an IJ. Following the hearing, the IJ determined that Marroquin-Zanas was ineligible for withholding of removal under INA § 241(b)(3) and the Convention Against Torture. Based on that determination, the IJ ordered that DHS reinstate and execute the previous order of removal. Marroquin-Zanas appealed the IJ's

2

order to the Board of Immigration Appeals ("BIA"), which upheld the IJ's decision on January 20, 2022. On February 8, 2022, less than 30 days after the BIA's decision, Marroquin-Zanas petitioned for this Court's review.

Under our recent decision in *Martinez v. Garland*, 86 F.4th 561 (4th Cir. 2023), we lack jurisdiction to review Marroquin-Zanas's petition because it was not filed within 30 days of a final order of removal. Federal law requires a noncitizen seeking review of a removal order to petition our court "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). "The 30-day deadline is mandatory and jurisdictional and is not subject to equitable tolling." *Martinez*, 86 F.4th at 566-67 (internal quotations omitted).

Marroquin-Zanas filed her petition in our Court in February 2022, one month after the BIA's decision, nearly six years after DHS reinstated the June 13 removal order, and over a decade after the order was first issued. As in *Martinez*, none of these orders can serve as the basis for this Court's jurisdiction: the BIA order is not a final order of removal; and, assuming Marroquin-Zanas seeks review of the reinstatement of the removal order or the removal order itself, the petition is untimely under § 1252(b)(1). That Marroquin-Zanas was engaged in withholding-only proceedings until less than 30 days prior to filing her petition in this Court is of no consequence because "finality is not contingent on the results of withholding-only proceedings." *Martinez v. Garland*, 86 F.4th 561, 571 (4th Cir. 2023). Thus, because Marroquin-Zanas did not petition for our review within 30 days of a qualifying final order of removal, *Martinez* mandates that we dismiss her petition for lack of jurisdiction.

*PETITION DISMISSED*

3